## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BEAUMONT HEALTH (now Corewell Health)<br><br><br>Defendant. | **COMPLAINT**<br><br>Civil Action No.: _____<br><br><br>**JURY DEMAND REQUESTED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide monetary relief to Louistine D. Winfrey. For over twenty years, Winfrey worked as a home health aide for Defendant Beaumont Health (now Corewell Health) ("Defendant"). As alleged with greater particularity below, Defendant discriminated against Winfrey, who is black, in violation of Title VII by terminating her employment based on her race.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)1(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Acts of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, a Michigan non-profit corporation, has continuously been doing business in the State of Michigan and the City of Dearborn, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meanings of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

CONDITIONS PRECEDENT

6.      More than thirty days prior to the institution of this lawsuit, Winfrey filed a charge with the Commission alleging violations of Title VII.

7.      On September 12, 2023, the Commission issued to Defendant a Letter of Determination (dated August 21, 2023) finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      On October 12, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that efforts to conciliate the charge have been unsuccessful.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Since at least September 2021, Defendant has engaged in unlawful

employment practices at its facility located in Dearborn, Michigan, in violation of

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and Section 102 of the Civil

Rights Act of 1991, 24 U.S.C. § 1981a. The unlawful practices include subjecting

Winfrey to disparate treatment with respect to the terms and conditions of

employment based on race and terminating her employment based on race.

a. On or around March 7, 2000, Winfrey, who is Black, began working
   as a Home Health Aide ( "Companion") for Defendant.

b. Companions provide personal assistance services to patients who
   require long-term care. These services include, but are not limited to,
   assistance with bathroom facilities, bathing, performing household
   chores and sitting with patients to keep them company.

c. On or around October 17, 2004, Theresa Lee began working as a
   Companion for Defendant. Lee is Caucasian.

d. In 2012, Marcia Filek began working as a director for Defendant. In
   her capacity as director, Filek ultimately makes all employment-
   related decisions involving Companions.

e. Defendant has a progressive discipline policy ("Policy"), which is
   used to manage employee conduct and performance. The Policy
   states that it "establishes standardized guidelines for a fair and

4

consistent approach" to addressing issues regarding conduct and performance. The steps in the Policy include coaching, counseling, first written warning, final written warning, and termination.

f. Although Filek "coached" Lee in connection with certain aspects of her performance, Filek did not document those coaching incidents.

g. However, Filek documented "coaching" incidents in connection with Winfrey's performance and placed those records in Winfrey's personnel file.

h. The Policy states that there are "minor violations" and "major violations." The Policy further states that Behavior that is not consistent with Defendant's "Mission, Vision, Values, Code of Conduct or Patient Family Centered Care" can be either a minor violation or a major violation.

i. Filek was aware of certain conduct from Lee that was "not consistent" with Defendant's "Mission, Vision, Values, Code of Conduct or Patient Family Centered Care" but Filek failed to discipline Lee in any way for such conduct.

j. For Winfrey's year-end performance evaluation for 2019, Winfrey received an "exceeding" rating in five competencies," and an "achieving" rating in six categories. Winfrey's year-end performance evaluation for 2019 was written by a supervisor on Filek's staff.

5

k.  On July 21, 2021, Filek provided Winfrey with her year-end performance evaluation for 2020. Filek wrote that Winfrey "provides very good care to her clients." Winfrey's year-end performance evaluation for 2020 further shows that Winfrey received an "exceeded" rating in the category of "Patient & Family Centered Care." Winfrey also received an "achieving" score in nine categories (including "Demonstrating [Defendant's] Core Values and communication").

l.  On September 5, 2021, during a shift change, a verbal conflict arose between Winfrey and Lee. Both provided Filek with conflicting versions of their verbal exchange.

m. When Lee spoke with Filek on September 5, she accused Winfrey of "bullying" her, speaking to her in a "threatening tone" about how to use a dishwasher, and "unloading her anger" upon her.

n.  When Winfrey spoke with Filek on September 7, she told Filek that when she advised Lee to add soap pods when using the dishwasher, Lee "blew up" at her, yelled at her about knowing how to use a dishwasher, and called her a "stupid ass bitch."

o.  There were no witnesses to the conflict between Winfrey and Lee. The conflict occurred inside a patient's apartment. The patient was asleep.

p.   On or around September 10, 2021, Filek terminated Winfrey.

q.   Despite Winfrey's twenty-year tenure with Defendant, and her positive performance reviews, Filek terminated Winfrey without first resorting to lesser forms of discipline.

r.   Filek did not discipline Lee at all for her role in the incident that took place on September 5, 2021.

12.   The employment practices complained of in paragraph 11 were intentional.

13.   The employment practices complained of in paragraph 11 were done with malice and reckless indifference to the federally protected rights of Winfrey.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

a.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it from discriminating against its employees based on race;

b.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices;

c.      Order Defendant to make whole Winfrey by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d.      Order Defendant to make whole Winfrey by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above;

e.      Order Defendant to make whole Winfrey by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

f.      Order Defendant to make whole Winfrey by providing punitive damages for its intentional, malicious and reckless conduct, as described above, in amounts to be determined at trial;

g.      Grant such further relief as the Court deems necessary and proper;

h.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

KARLA GILBRIDE

General Counsel


CHRISTOPHER LAGE

Deputy General Counsel


GWENDOLYN YOUNG REAMS

Associate General Counsel


KENNTH L. BIRD

Regional Attorney


OMAR WEAVER

Assistant Regional Attorney


/s/Karen L. Brooks (IL ARDC# 6285816)
Trial Attorney – Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313)774-0011
Karen.Brooks@eeoc.gov


Dated: July 10, 2024